Edward D. Boyack
Nevada Bar No. 005229
**BOYACK ORME & ANTHONY**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 562-3415
Fax: (702) 562-3570
Email: admin@boyacklaw.com
*Attorney for Plaintiff*
*Kenneth W. Crosby*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH W. CROSBY, an individual<br><br>Plaintiff,<br>vs.<br><br>CF Medical, LLC, a Nevada limited liability company; CF Medical II, LLC, a Nevada limited liability company; CF Medical V, LLC, a Nevada limited liability company; CF Medical VI, LLC, a Nevada limited liability company; CA Medical, LLC, a Nevada limited liability company; CP Medical, LLC, a Nevada limited liability company; ACF Medical Services Special Finance Unit, LLC<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT** |

Plaintiff KENNETH W. CROSBY, by and through his attorney, BOYACK ORME & ANTHONY, complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory and injunctive relief and medical benefits owed, and arises under the Employee Retirement Income Security Act of 1976, 29 U.S.C. §1001 *et seq*.

2. This Court has subject matter jurisdiction under ERISA, 29 U.S.C. §1132(e)(1); and general federal jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district, pursuant to 29 U.S.C. §1132(e)(2).

**GENERAL ALLEGATIONS**

4.     Plaintiff KENNETH W. CROSBY, at all times relevant, was a qualified participant in the medical benefits plan, within the meaning of 29 USCA §1002(7) of ERISA, maintained and administered by: Defendants CF Medical, LLC; CF Medical II, LLC; CF Medical V, LLC; CF Medical VI, LLC; CA Medical, LLC; CP Medical, LLC; and, ACF Medical Services Special Finance Unit, LLC (collectively referred to as "DEFENDANTS"). (The medical and benefits plan offered by DEFENDANTS is hereinafter referred to as the "Plan".)

5.     Plaintiff is an employee or member of Plumbers & Pipefitters Union Local No. 525. Upon information and belief, Defendant Plumbers & Pipefitters Union Local No. 525 Trusts Funds ("Trust") is the Plan Administrator for the subject Plan.

6.     Defendant Trust is Defendants' agent and the designated Claims Administrator of the subject Plan. Thus, Defendant Trust was and is a fiduciary with respect to the Plan as that term is defined pursuant to 29 U.S.C. §1002(21)(A).

7.     Upon information and believe, Defendant Trust fully insures the subject Plan and performs claims handling functions for the subject Plan, including the ultimate decision of whether to accept, deny, or terminate a claim.

8.     The court's review of Plaintiff's claim denial is *de novo.*

9.     Pursuant to the terms of the subject Plan, Plaintiff made a claim to Defendant Trust for medical benefits. Specifically, while Plaintiff was covered under the subject Plan, he suffered injuries as a result of, *inter alia*, the effects of lower back and spine problems, rendering him injured under the terms of the subject Plan as of May 5, 2015.

10. Defendant Trust improperly and incorrectly determined that treatment prior to July 17, 2015 was related to employment, but that treatment after this date was unrelated to employment.

11. Plaintiff appealed the termination of benefits in a timely manner. On or about May 21, 2018, Defendant Trust denied Plaintiff's appeal.

### Claim for Relief: Wrongful Denial of Benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(A)1)(B)

12. Paragraphs 1-11 are incorporated by reference as if fully set forth herein.

13. Defendants have wrongfully terminated or denied medical benefits to Plaintiff in violation of the subject Plan, ERISA, and case law for reasons including, without limitation:

   a. Defendants ignored relevant and timely medical information provided by Plaintiff's treating providers that he was unable to work at any reasonable occupation. Defendants had already made the determination that Plaintiff could not perform any reasonable occupation due to, *inter alia*, his pain complaints related to his prior problems with his back and spine.

   b. Defendants failed to fully and fairly consider Plaintiff's own statements in support of his conditions and ability to work.

   c. The plan administrator improperly denied the medical benefits claim indicating that the treatment received was "an evasive spinal injection procedure from stem cells". However, this determination is inaccurate is it was a non-invasive procedure. Furthermore, the claim administrator denied medical benefits pursuant to exclusions under the policy for "treatment as a result of service or treatment that is not itself a covered service or treatment". Based upon the errors in the determination of the type of procedure, all subsequent medical benefits were denied to the plaintiff.

d. On or about May 11th 2015, Plaintiff underwent a spinal injection procedure. Thereafter, Plaintiff contracted an infection which required extensive further medical treatment including hospitalization. The plan administrator claimed that the procedure was experimental when in fact it is a non-experimental procedure which is generally accepted in the medical community. Clearly under the plan, the original spinal injections were well within the covered policy parameters, and the subsequent treatment for the infection would also thereby be covered pursuant to the terms of the medical benefits plan.

14. As a result of the foregoing actions and inactions, Defendants have failed to pay Plaintiff medical benefits under the subject Plan from July 17, 2015 to present, which total an amount of at least $30,000.

**PRAYER FOR RELIEF**

15. Plaintiff requests that this court review the denial of benefits in this case and declare that he is entitled to: 1) medical benefits from July 17, 2015 through present and continuing, as set forth in the subject Plan; 2) reinstatement of any ancillary benefits under the plan to which Plaintiff may be entitled; 3) an award of pre-judgment interest; and 4) payment of attorney's fees and costs associated with attempting to secure the benefits owed him pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1).

DATED this 17th day of August, 2018.

**BOYACK ORME & ANTHONY**

By: /s/Edward D. Boyack
EDWARD D. BOYACK, ESQ.
Nevada Bar No. 005229
7432 W. Sahara Ave, Ste 101
Las Vegas, Nevada 89117
Attorney for Plaintiff