| | |
|---|---|
| 1 | Steven J. Parsons<br>Nevada Bar No. 363 |
| 2 | LAW OFFICES OF STEVEN J. PARSONS<br>10091 Park Run Dr Ste 200 |
| 3 | Las Vegas NV 89145-8868<br>(702) 384-9900 |
| 4 | (702) 384-5900 (fax)<br>Steve@SJPlawyer.com |
| 5 | |
| 6 | Attorney for Plaintiff<br>KENNETH W. CROSBY |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KENNETH W. CROSBY, an individual, | | Case No. 2:18-cv-01554-GMN-(GWF) |
| Plaintiff, | | PLAINTIFF KENNETH W. CROSBY'S *EX-PARTE* MOTION FOR AN ORDER EXTENDING TIME WITHIN WHICH TO SERVE THE SUMMONS AND COMPLAINT UPON DEFENDANTS; |
| vs. | | |
| CF MEDICAL, LLC, a Nevada limited liability company; CF MEDICAL II, LLC, a Nevada limited liability company; CF MEDICAL V, LLC, a Nevada limited liability company; CF MEDICAL VI, LLC, a Nevada limited liability company; CA MEDICAL, LLC, a Nevada limited liability company; CP MEDICAL, LLC, a Nevada limited liability company; ACF MEDICAL SERVICES SPECIAL FINANCE UNIT, LLC, | | and,<br>(PROPOSED) ORDER<br>(Fed. R. Civ. P., Rule 4(m)) |
| Defendants. | / | |

Plaintiff, KENNETH W. CROSBY, by his attorney Steven J. Parsons, of LAW OFFICES OF STEVEN J. PARSONS, seeks the Court's Order, *ex parte*, permitting the extension of time for an additional ninety (90) days within which to seek the issuance of the Summonses by the Clerk and thereafter, to serve the Summons and Complaint on Defendants, within Fed. R. Civ. P., Rule 4(m).

Plaintiff's Motion to Enlarge Time to comply with Fed. R. Civ. P., Rule 4 is upon the following Memorandum of Points and Authorities, including the attached Declaration of Plaintiff

…

…



10091 Park Run Drive, Suite 200
Las Vegas, Nevada 89145-8868
(702)384-9900; fax (702)384-5900
Info@SJPlawyer.com

Page 1 of 7

KENNETH W. CROSBY, incorporated herein as Exhibit 1.

Dated: November 15, 2018.

                                            LAW OFFICES OF STEVEN J. PARSONS

                                            /s/ Steven J. Parsons
                                            STEVEN J. PARSONS
                                            Nevada Bar No. 363

                                            Attorney for Plaintiff
                                            KENNETH W. CROSBY

## CERTIFICATE OF SERVICE BY E-FILING

I hereby certify that service of the foregoing Plaintiff Kenneth W. Crosby's Ex-Parte Motion for an Order Extending Time Within Which to Serve the Summons and Complaint upon Defendants (Fed. R. Civ. P., Rule 4(m)) was made today by e-filing with the Court's PACER system.

Dated: November 15, 2018.

                                            /s/ Candice Benson
                                            An Employee of LAW OFFICES OF STEVEN J. PARSONS



MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, Kenneth W. Crosby, was and is a participant in and beneficiary of a medical benefits plan (the "Plan") that is subject to preemption within the Employee Retirement Income Security Act of 1976 ("ERISA") 29 USCA §1002(7).

Plaintiff's Complaint against the Plan seeks declaratory, and injunctive relief, and medical benefits owed to him, all of which is in dispute. Plaintiff alleges, *inter alia*, that a large sum of funds is due him from the Plan to indemnify medical expenses he has incurred.

However, Plaintiff – a person with limited formal education – was completely unaware that other than "filing something in federal court" nothing else was done to further comply with the Court's Rules. Plaintiff, a lay person without knowledge of any of the processes by which his Complaint was to be prosecuted, was not aware of any further steps that needed to be taken to keep his Complaint and claims against the Plan viable. Instead of complying with the requirements of Fed. R. Civ. P., Rule 4 – *Summons*, Plaintiff's Complaint lay fallow and not properly prosecuted, apparently since the time it was filed.

Plaintiff seeks relief of the automatic operation of the Rule, and possible case terminating sanctions given the failure to timely seek the issuance of Summonses by the Clerk of the Court, and in failing to seek service of the Summons and Complaints upon Defendants.

1. FED. R. CIV. P., RULE 4(m) REQUIRES PLAINTIFF TO SEEK ENLARGEMENT OF TIME, UPON GOOD CAUSE SHOWN

Plaintiff must serve Defendants the Summonses and his Complaint within ninety (90) days or the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. The Rule continues that upon good cause shown for the failure, the Court must extend time for service for an appropriate period. The ostensible deadline within which to meet the nominal requirements of Rule 4(m) is November 15, 2018.

In pertinent part, Fed. R. Civ. P., Rule 4(m) provides:

…



(m) *Time Limit for Service*. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff is unaware of and unable to see any efforts made by anyone in meeting that deadline – no Summonses have been issued by the Clerk; no returns of service of process have been filed; after filing the Complaint nothing has been done on his behalf in the case by Mr. Crosby's attorney or his firm.[1] Nothing was explained to Plaintiff regarding the tasks that were left to Plaintiff to accomplish, in proper person.

Having never experienced what was to be done with the Complaint, Mr. Crosby simply informed the Plan that the "papers had been filed in federal court" and awaited the Plan's response.

Thereafter, Plaintiff consulted with and retained Mr. Parsons on November 9, 2018. Upon due diligence, Mr. Parsons and his staff found that the Complaint had been filed on August 17, 2018. However, as nothing else regarding effort on Plaintiff's behalf was set forth in PACER, Mr. Parsons undertook to seek his substitution as Plaintiff's counsel. Plaintiff's Motion to seek the Court's permission to substitute Mr. Parsons as his Counsel was filed November 13, 2018 (Docket No. 4). The Court denied Mr. Parsons' Motion on November 14, 2018 (Docket No. 6). On November 14, 2018, Plaintiff's counsel of record Edward D. Boyack, of BOYACK ORME & ANTHONY, executed a Stipulation to Change counsel of record. The Stipulation to change Mr. Crosby's counsel of record to Mr. Parsons was filed November 15, 2018 (Docket No. 7).

…

---

[1] Counsel filing the Complaint, Edward D. Boyack, of BOYACK ORME & ANTHONY told Plaintiff that upon filing the Complaint that he was "withdrawing" as counsel for Mr. Crosby. However, Mr. Boyack's Motion to Withdraw was *not* filed, and Mr. Crosby insists he was *not* informed by Mr. Boyack or anyone of "what else" must be done to comply with the Rules in prosecuting his case.



## 2. HISTORY OF PLAINTIFF'S COMPLAINT

As the beneficiary of a large sum of funds he claims is still due him from the Plan, Mr. Crosby has attempted to meet all of the requirements set out to him by the Administrator of the Plan. Upon receiving notice of the initial denial of benefits from the Administrator, Mr. Crosby – a lay person with a limited formal education – was told "(he) must file something in federal court." Mr. Crosby retained Edward D. Boyack, of BOYACK ORME & ANTHONY, his counsel of record, to do so.

Mr. Crosby met with Mr. Boyack and explained his need of "filing something in federal court" and provided Mr. Boyack the denial of benefits letter he had received from the administrator of the Plan. Mr. Boyack agreed to represent Mr. Crosby, and assured him that he would "file something in federal court." Thereafter, merely a *draft* of a Complaint upon which someone's hand written notes appear was given to Mr. Crosby. Later, Mr. Boyack assured Mr. Crosby that "the Complaint" had been filed in the United States District Court.[2]

Mr. Boyack informed Mr. Crosby that having filed the Complaint, he had "withdrawn" as Mr. Crosby's attorney. However, upon review of PACER on November 9, 2018, Mr. Boyack remained as counsel of record for Mr. Crosby. Mr. Crosby also claims that nothing in writing was provided by Mr. Boyack to him that outlines any proposed procedure to be taken – by either of them – upon filing of the Complaint. Mr. Boyack did not seek Summonses to be issued by the Clerk; Mr. Boyack did not make any effort to timely serve the various defendants; and Mr. Crosby claims that Mr. Boyack didn't explain in any manner to him the courses of action Mr. Crosby needed to undertake as a lay person *on his own* to preserve his rights.

Nonetheless, Mr. Crosby, believing he had met the Plan's requirement that he "file something in federal court" told the Plan that he had done so. Beyond informing the Plan that Mr. Boyack had filed what the Plan asked for, Plaintiff remained totally unaware of any steps

---

[2] In fact, on November 9, 2018 as part of incoming counsel's due diligence, investigation of PACER revealed that a Complaint initiated this case on August 17, 2018. However, Mr. Crosby states that Mr. Boyack did not provide a filed-copy of the Complaint.



10091 Park Run Drive, Suite 200
Las Vegas, Nevada 89145-8868
(702)384-9900; fax (702)384-5900
Info@SJPlawyer.com

to be taken beyond the mere filing of the Complaint, and that those further tasks were somehow left to him to accomplish.

Mr. Crosby first explained the history of this case to Steven J. Parsons in a consultation late in the afternoon of October 30, 2018. Plaintiff sought counsel from Mr. Parsons, as the Plan's administrator had *further* rebuffed his claim for benefits upon Mr. Crosby telling the Plan's administrator that he "filed the papers in federal court" as the Plan had directed. After minimal due diligence revealing the status of the case, Mr. Crosby retained Mr. Parsons after close of business on Friday, November 9, 2018 to make certain his rights are preserved.

The first entry in this case in PACER is that the proof of service of process upon Defendants in the case is due to be filed with the Clerk of the Court not later than November 15, 2018. Mr. Crosby and Mr. Parsons remain unaware of any effort by Mr. Boyack to meet that deadline. For Mr. Parsons, as new counsel just entering the case, it was functionally impossible to meet that requirement – having the Clerk issue Summonses, then serving the Summonses and Complaint on all Defendants – in the two (2) judicial days before the deadline. Therefore, the instant Motion results.

By his Motion, Plaintiff submits that he was totally unaware of his obligations to the Court, let alone that the "papers filed in federal court" lay fallow without being addressed, with the necessary effort of issuing Summonses and service upon Defendants not undertaken.

Plaintiff seeks the Order of the Court to allow for an additional ninety (90) days time within which to have the Clerk issue Summonses for each Defendant, and the Summonses and the Complaint be then served upon Defendants.

3. <u>CONCLUSION</u>

Plaintiff respectfully submits that good cause has been shown why relief of the nominal deadlines of Fed. R. Civ. P., Rule 4 should be granted and additional time of ninety (90) days be granted for service of the Summonses and Complaint on Defendants.

Without the relief he seeks in this Motion, Plaintiff risks catastrophe in the self-executing operation of the Rule, which will impose a case-terminating sanction. Such a



10091 Park Run Drive, Suite 200
Las Vegas, Nevada 89145-8868
(702)384-9900; fax (702)384-5900
Info@SJPlawyer.com

dismissal is not just.

Dated: November 15, 2018.

          LAW OFFICES OF STEVEN J. PARSONS

          /s/ Steven J. Parsons
          STEVEN J. PARSONS
          Nevada Bar No. 363

          Attorney for Plaintiff
          KENNETH W. CROSBY

## EXHIBIT 1

## DECLARATION OF KENNETH W. CROSBY

KENNETH W. CROSBY, being first duly sworn under penalty of perjury, hereby deposes and says:

I am Plaintiff in this case. I am of the age of majority, and I could and would competently testify to the contents of this Declaration if called upon to do so.

I have read my foregoing Ex-Parte Motion for an Order Extending Time Within Which to Serve the Summons and Complaint upon Defendants. I know the contents of the Motion, all of which is true to my knowledge.

Executed under the penalties of perjury at Las Vegas, Clark County, Nevada, on November 15, 2018.     /s/ Kenneth W. Crosby
                                                KENNETH W. CROSBY

## ORDER

Upon Plaintiff's forgoing Motion, and upon good cause shown,

IT IS HEREBY ORDERED that the time within which to issue the Summonses, then serve the Summons and Complaints on Defendants, within Fed. R. Civ. P., Rule 4(m) is hereby enlarged to and including February 14, 2019.

Dated: 11-16-2018         /s/ George Foley Jr.

UNITED STATES MAGISTRATE JUDGE

